## Case No. 13,402.

### STEVENS v. LLOYD.

[1 Cranch, C. C. 124.] [1]

Circuit Court, District of Columbia. June Term, 1803.

ASSAULT AND BATTERY—PLEA—GENERAL ISSUE—SON ASSAULT DEMESNE—BURDEN OF PROOF.

1. In assault and battery, on the plea of not guilty, the plaintiff is not bound to prove that the defendant struck or assaulted him first.

2. But on the plea of son assault demesne, the defendant must prove that the plaintiff assaulted him first.

[This was an action of assault and battery by Stephen Stevens against Edward Lloyd.]

THE COURT instructed the jury that to support the issue on his part, on the plea of not guilty, the plaintiff was not bound to prove that the defendant struck him first or made the first assault; but that to support the plea of son assault demesne, the defendant must prove that the plaintiff made the first assault.

[See Case No. 13,403.]

## Case No. 13,403.

### STEVENS v. LLOYD et al.

[1 Cranch, C. C. 141.] [1]

Circuit Court, District of Columbia. Nov. Term, 1803.

JUDGMENT—FORTHCOMING BOND—COSTS—PRACTICE AT LAW.

If a forthcoming bond has, by mistake, been given for a sum less than the judgment, it may, on the plaintiff's motion, be quashed, as well as the execution issued thereon, upon paying the costs of the motion.

Notice was given to this day of a motion for judgment on a forthcoming bond.

Mr. Swann, for plaintiff, moved to quash the bond and execution—the execution having been issued without including costs, by an error of the clerk, in supposing that judgment for $15 in assault and battery would not carry the costs.

Mr. Youngs, for defendants, prayed that it might not be quashed without costs of the motion.

Quashed, at the plaintiff's costs.